BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant, an indigent below and here, was indicted by the grand jury for carnally knowing Phillip T. Davis. The plea was not guilty. The verdict was guilty. Sentence: eight years imprisonment.
The alleged offense was committed in the county jail in Covington County where the alleged victim, Davis, and the defendant, Thompson, were prisoners along with several other inmates. The time of the incident was the night of August 10, 1976.
The details of the offense were sordid in character and repulsive in tone. Ronnie Madison witnessed the pederasty that was forced on Davis according to the evidence of the State. Defendant and other prisoners forced him to first take a bath, and then to submit. Kenny Williams applied grease to himself and penetrated Davis while other men watched. Afterwards, defendant forced Davis to perform an act of fellatio on him by threatening to “bust his head” with a pipe. Davis testified at length against defendant.
Defendant testified and denied that he committed the offense charged. He admitted that he cooperated in forcing defendant to take a bath and cleanse a foul body odor that was very unpleasant and obnoxious.
The evidence for the State and for defendant was in sharp conflict. Three inmates testified that Davis had offered them sexual favors if they would give him enough money to return to California. The jury resolved the issues in favor of the State. The Court correctly denied defendant’s motion to exclude the evidence.
I
Pertaining to defendant’s motion for a mistrial, we quote from the record to a conversation between deputy sheriffs Don Harrell and Jim Stallings. The questions were propounded to Davis by the District Attorney. We quote:
“Q. You talked to Don Harrell and Jim Stallings this morning?
“A. It is possible, I imagine so, they brought me over here.
“Q. Didn’t you talk to them right back there in that hallway?
“A. Yeah, I talked to them.
“Q. What did you tell them?
MR. SIKES: We are going to object to this, now.
THE COURT: Yes, I sustain the objection.
“A. I’m not going to answer it to start with.
“Q. As a matter of fact, you told them that you would come in here and plead guilty .
MR. SIKES: We object to this, and move for a Mistrial.
THE COURT: I sustain the objection and deny the Motion for a Mistrial, and I will instruct the Jury to disregard that last question. It was not answered, it would be very improper for you to consider that in your deliberations in this case, and I will instruct you at this time to not consider that at all in your *39 deliberations. And I will admonish the District Attorney not to bring that subject up again.
“MR. SIKES: We are going to renew our Motion for a Mistrial. That is so flagrant, I don’t think the Jury can take it out of their mind.
“THE COURT: Deny the Motion.”
We think the Court’s prompt and vigorous instructions to the jury were sufficient to remove injurious effects that the unanswered question might have had on the jury. The motion for a mistrial interposed by defendant was properly overruled.
II
We now advert to a second motion for a mistrial arising as follows:
“MR. McGILL: It takes a pretty good stomach for a person to get up here and testify against a man that he may be in Atmore with next week in the same cell block and you know what happens down there.
“MR. SIKES: We object to this line of argument as highly inflammatory talking about you know what happens down at Atmore.
“THE COURT: Yes, sustain the objection.
“MR. SIKES: And move for a Mistrial.
“THE COURT: Deny the Motion for a Mistrial.
(After which Mr. McGill continued with his closing remarks to the Jury in behalf of the Plaintiff.)”
We think the District Attorney was trying to impress the jury that the victim, Davis, was serious in his testimony and was telling the truth, although he might incur some danger at Atmore prison if sent there.
The Court sustained defendant’s objection and correctly overruled his motion for a new trial.
III
Appellant contends that the following argument of the District Attorney was improper. We quote:
“MR. McGILL: Think about that happening to you or your son.
“MR. SIKES: We object to that.
“THE COURT: Yes, sustained.”
The Court, we note, properly sustained the objection which was sufficient to obviate prejudice.
IV
The final insistence of error is predicated on the following argument of the District Attorney, Mr. McGill. We quote:
“MR. McGILL: Why didn’t the Defendant have those other eighteen over there . . . as a matter of fact, why didn’t he have one of those four. He has got them back here in this room, but you didn’t hear them.
“MR. SIKES: We object to that, now, they are as available to him now as they are to us and he knows why they are not here to testify. He has got them in custody over there.
“MR. McGILL: That is not why they are not testifying, Your Honor, he has them subpoenaed.
“THE COURT ^Overruled.”
The above colloquy does not inform the Court clearly who “those other eighteen” were or what relation they had to the case, what they knew, or if they knew anything that would be helpful to either side. Their availability to either or both sides is not clear from the record. In view of this state of the record we are unwilling to say that the Court’s ruling prejudiced the defendant.
We have carefully read the entire record along with the excellent briefs filed by appellant’s counsel and the assistant attorney general. Both of them devoted considerable effort to present their contentions and to be helpful to this Court. But, we conclude that the trial was free of rulings that were prejudicial to defendant.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional *40 Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.